IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEREK M. WILLIAMS,

          Plaintiff,

v.

SCOTT ECKSTEIN, CO STACY, CAPT. VAN LANEN,
LT. WICKMAN, and LT. EISINGER,

          Defendants.

ORDER

17-cv-414-jdp

---

Plaintiff Derek M. Williams, appearing pro se, is a prisoner currently incarcerated at the Wisconsin Secure Program Facility. He alleges that while he was incarcerated at the Green Bay Correctional Institution, defendant prison officials failed to protect him from harming himself and then forced him to be placed in a "restraint chair" even though it caused him harm.

Williams has filed a motion for leave to amend the complaint, Dkt. 19, along with a proposed amended complaint, Dkt. 20. The proposed change is minor: Williams seeks to amend two paragraphs to change the identity of the person he says taunted him and then placed him in five-point restraints on March 26, 2017. *See* Dkt. 20, ¶¶ 27, 28. He originally named defendant Van Lanen as that official but now wishes to amend that to defendant Eisinger. I will grant Williams's motion, and consider the amended complaint to be the operative pleading.

In the same motion, Williams states that the court incorrectly identified Van Lanen as the official who told Williams "you will come to your senses soon enough, my staff get paid to do what they do and starting tomorrow you'll be in the chair for four hours instead of two." Both Williams's original and amended complaints state that it was defendant Warden Eckstein who said this. Dkt. 1, ¶ 32; Dkt. 20, ¶ 32. I will treat this argument as a motion to reconsider

the portion of the court's order screening his complaint, and I will grant that motion. There should no longer be any confusion about which claims Williams brings against each defendant.

Defendants have filed a motion to transfer the case to the United States District Court for the Eastern District of Wisconsin. Under 28 U.S.C. § 1404(a), a court may transfer a case to another district where the action may have been brought if transfer serves the convenience of the parties and witnesses and will promote the interest of justice. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). "The statute permits a 'flexible and individualized analysis.'" *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The defendants bear the burden of establishing that the proposed new venue is clearly more convenient. *Coffey*, 796 F.2d at 219.

Defendants contend that transfer to the Eastern District, where GBCI is located, is clearly more convenient for the parties and witnesses because the events at issue occurred there, defendants reside there, and most potential witnesses—GBCI employees or health care providers from a local hospital—likely reside there. These factors weigh heavily in favor of transfer. Defendants stop short of saying that venue is *improper* in the Western District, although it appears that it might be because defendants reside in the Eastern District and the events at issue occurred there. *See* 28 U.S.C. § 1391(b). But even under a § 1404(a) analysis, I conclude that transfer to the Eastern District is proper.

The convenience inquiry "generally" focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation*, 626 F.3d at 978. Defendants contend that they and the potential witness are all located in the Eastern District and the events at issue occurred there. Williams contends that

2

this court has litigated many cases involving events at GBCI, that he brings official-capacity claims against the DOC, which is headquartered in Madison, and that defendants' attorneys are also headquartered in Madison.[1]

None of Williams's arguments are persuasive. While this court has litigated many cases involving events that took place at GBCI, the venue analysis in each case is specific to that particular case, and in most cases the question is not contested. I must still apply the correct § 1404(a) analysis to each case in which venue is indeed contested. Williams states that he brings official-capacity claims, but this is incorrect. I did not allow him to proceed on official-capacity claims and his allegations do not support them. He specifically alleges that "defendant[s'] decision to have [him] placed in the restraint chair was not a decision based on any policy." Dkt. 20, ¶ 40. Each of his claims are against defendants in their individual capacity. And convenience to defendants' counsel is simply not part of the transfer analysis. *See, e.g.*, *D5 Ironworks, Inc. v. Local 395 Ironworkers*, No. 16 C 2163, 2016 WL 2733307, at *4 (N.D. Ill. May 11, 2016).

Although Williams does not stress this point, the major factor he has working in his favor is that he picked the Western District. "The plaintiff's choice of forum is usually given substantial weight," although it "is given less deference 'when another forum has a stronger relationship to the dispute.'" *Almond v. Pollard*, No. 09-cv-335, 2010 WL 2024099, at *2 (W.D. Wis. May 18, 2010) (quoting *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731,

---

[1] In his response, Williams states that he did not receive a copy of the motion to transfer itself. But defendants state that they gave Williams another copy, and Williams has not submitted further argument.

735 (N.D. Ill. 2007)). But, despite Williams's preference, the other factors discussed above show that the Eastern District is a clearly more convenient forum.

The interest-of-justice inquiry "relates to the efficient administration of the court system" and focuses on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978. "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.* Defendants submit statistics showing that the Eastern District and Western District share similar caseloads. I have no doubt that both courts are familiar with the relevant law. Defendants don't argue the remaining factors. The interests-of-justice factor does not weigh for or against transfer. Because I conclude that the Eastern District is a clearly more convenient forum, I will grant defendants' motion to transfer.

ORDER

IT IS ORDERED that:

1. Plaintiff Derek M. Williams's motion for leave to amend his complaint, Dkt. 19, is GRANTED. Williams's amended complaint, Dkt. 20, is the operative pleading.

2. Plaintiff's motion for reconsideration of the court's order screening his complaint, Dkt. 19, is GRANTED.

3. Defendants' motion to transfer, Dkt. 13, is GRANTED. This case is transferred to the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1404(a).

Entered September 11, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge